RICHARD J. SULLIVAN, *Circuit Judge*, concurring in part and dissenting in part:

I join the majority's excellent opinion with respect to nearly all of defendant Robert Sylvester Kelly's challenges on appeal. I write separately only to address what is, in my view, the district court's error in calculating victim Jane's restitution award. I agree with the majority that the government met its burden of proving that Jane was infected with herpes as a result of the charged conduct and that the district court was within its discretion to award Jane restitution for a suppressive regime of herpes medication. Nevertheless, I believe that the district court abused its discretion in calculating Jane's restitution based on a lifetime supply of the brand-name drug, Valtrex, rather than the significantly cheaper generic drug, valacyclovir. Accordingly, I would remand for the district court to either make additional findings or modify the restitution award.

Before the district court, Kelly argued that the government inflated the cost of Jane's herpes medication by requesting restitution based on the cost of Valtrex, rather than the generic drug. Specifically, Kelly noted that the generic valacyclovir cost, on average, $15.31 for a thirty-day supply, resulting in a total lifetime expenditure of $9,829.02. Valtrex, by comparison, cost $421.29 for a thirty-day supply and $270,466.18 over the course of Jane's lifetime. In response to these

objections, the district court simply noted that Jane "would not have had to spend money on herpes medication had the defendant not infected her with the incurable disease when she was 17 years old" and that a victim is not required to "pursue the cheapest option to minimize a defendant's restitution expenses." Sp. App'x at 177.

While both of these observations are correct, our case law requires a district court to do more in crafting a restitution award. Specifically, a district court must ensure that the award is a "reasonable approximation of losses." *United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013). With respect to restitution awards for future medical expenses, we have explained that a district court's estimate of those expenses must be made "with some reasonable certainty." *United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009) (quoting *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007)). Here, nothing in the record suggests a qualitative difference between Valtrex and the generic drug, or that Jane used Valtrex exclusively.[1] As a result, I do not think that the district court could say with "reasonable certainty"

---

[1] The majority argues that "the record indicates that both Jane and Kelly were being treated with Valtrex." Maj. Op. at 80. However, the record merely shows that Jane once requested the most expensive medication to alleviate her pain, not that Jane was ever actually treated with Valtrex. Likewise, the fact that Kelly was *prescribed* Valtrex does not establish that he actually purchased the brand-name drug as opposed to the generic. *See, e.g.*, Ill. Admin. Code tit. 77, § 790.40(c) (permitting a pharmacy to fill a prescription listing a brand-name drug with the generic instead).

that Jane would purchase Valtrex rather than the generic drug for the rest of her life, nor could the district court say that the restitution award of $270,466.18 was a "reasonable approximation" of Jane's future medical expenses. This is especially true considering that the district court calculated the restitution award for another victim – Stephanie – using an estimated price for the generic herpes medication, which was only $35.74 per month. *See* Sp. App'x at 181. The district court provided no explanation for treating Jane differently from Stephanie.[2]

Furthermore, we have previously held that a district court abuses its discretion when a restitution award provides "a windfall" to the victim. *United States v. Maynard*, 743 F.3d 374, 379–80 (2d Cir. 2014). While it is true of course that Jane would not have had to purchase herpes medication had Kelly not infected her, there is still a concern that the district court's restitution award will provide Jane with an impermissible windfall: Jane could use the restitution award to purchase the generic valacyclovir and then pocket the substantial difference of

---

[2] While the majority notes that drug manufacturers are not required to show that generic and brand-name drugs are therapeutically equivalent and raises concerns about substandard generic drugs, *see* Maj. Op. at 80 n.13, none of the authorities relied on by the majority are actually in the record, and the district court never articulated these reasons in crafting the restitution award. The fact that the district court calculated restitution for Stephanie based on the generic valacyclovir suggests that such considerations formed no part of the district court's analysis.

over $405 per month, which amounts to more than $260,000 over the course of her lifetime.

For all these reasons, I believe that the district court abused its discretion in calculating Jane's restitution award based on a lifetime supply of the brand-name drug, Valtrex, rather than the generic drug, valacyclovir. I therefore respectfully dissent from this portion of the majority's opinion and would vacate the district court's restitution award as to Jane and remand for further proceedings. The district court would then be free either to make additional findings on whether awarding the cost of Valtrex was a reasonable approximation of Jane's losses or to modify Jane's restitution award. In all other respects, I join the majority opinion.